UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Omar M.,

      Petitioner,

v.

William Barr, Attorney General;
Kevin K. McAleenan, Acting Secretary
of Homeland Security; Ronald D. Vitiello,
Acting Director, Immigration and Customs
Enforcement; Peter Berg, Director, St. Paul
Field Office, Immigration and Customs
Enforcement; Joel Brott, Sheriff,
Sherburne County,

      Respondents.[1]

Case No. 18-cv-2646 (JNE/ECW)
ORDER

This is a habeas action brought under 28 U.S.C. § 2241 by Petitioner Omar M., asking the Court to release him from immigration detention or to order a bond hearing to determine if he is a danger to the public or a flight risk. In a Report and Recommendation ("R&R") dated May 6, 2019, United States Magistrate Judge Elizabeth Cowan Wright recommended that an immigration judge ("IJ") provide Petitioner with a bond hearing. ECF No. 14. The Federal Respondents in this proceeding object to the R&R. ECF No. 15. Based on a de novo review of the R&R, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules the Federal Respondents' objections, adopts the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), William Barr, United States Attorney General, is automatically substituted as a party in place of Jefferson Beauregard Sessions, III, and Kevin K. McAleenan, Acting Secretary of Homeland Security, is substituted for Kirstjen Nielsen.

1

SCANNED
JUL 02 2019
U.S. DISTRICT COURT MPLS

R&R, and requires that Petitioner be provided with a bond hearing before an IJ within thirty days of this Order.

The factual background for the above-entitled matter is set forth in the R&R and is incorporated by reference for purposes of Federal Respondents' objections. In short, this case involves Petitioner's petition for a Writ of Habeas Corpus seeking release from custody pending removal. In the R&R, the Magistrate Judge concluded that Petitioner, having been detained for nearly two years despite having been granted withholding of removal on September 28, 2018, was entitled to a bond hearing to determine whether his release would pose a risk of flight or danger to the community. In reaching this conclusion, the R&R carefully analyzed the state of the law on pre-removal detention pursuant to 8 U.S.C. § 1226(c).

The Federal Respondents assert two main objections. First, the Federal Respondents submit that the proper due-process analysis comes directly from the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510, 518-20 (2003), which recognized and upheld immigration detention under § 1226(c) as serving Congress' purposes of removing criminal aliens from the country, protecting the community, and ensuring that aliens show up for removal proceedings. They argue that Petitioner's continued detention serves the purpose of § 1226 because the purpose of preventing flight is served as long as deportable criminal aliens, like Petitioner, are held until their removal proceedings have concluded.

However, this argument fails to recognize that the Supreme Court limited its *Demore* holding to a brief period of detention under § 1226(c). *See Muse v. Sessions*, No.

18-CV-0054, 2018 WL 4466052, at *3 (D. Minn. Sept. 18, 2018) (discussing and citing the "repeated references to the brevity of detention under § 1226(c)" in *Demore*). Here, Petitioner has now been detained for over two years. ECF No. 14 at 3. Although the Eighth Circuit has not addressed the issue of prolonged detention under § 1226(c) post-*Jennings*, courts in this district have concluded that the Due Process Clause imposes a limitation on the length of § 1226(c) detention and such a challenge must be resolved by closely examining the facts of the particular case to determine whether the detention is reasonable. *See, e.g., Muse*, 2018 WL 4466052, at *3; *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. 17-cv-5055, 2018 WL 2392205, at *5 (D. Minn. Mar. 26, 2018), *adopted*, 2018 WL 2390132 (D. Minn. May 25, 2018). In assessing due process challenges to § 1226(c) detentions, these courts consider several factors to determine when "continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless" a bond hearing is provided. *Muse*, 2018 WL 4466052, at *3 (listing the *Reid* factors).

Second, the Federal Respondents argue that the R&R erred in applying the *Reid* factors because the First Circuit withdrew the *Reid* opinion after *Jennings*. The Court disagrees. As other courts in this district have acknowledged since *Jennings*, "[t]he *Reid* factors 'represent a reasonable framework for balancing the due process interests at stake' even though they were 'originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c)' . . . and even though the First Circuit withdrew the *Reid* decision after the Supreme Court decided *Jennings*." *Muse*, 2018 WL 4466052, at *3 n.3 (citations omitted); *see, e.g., Tao J. v. Sec'y of Dep't of Homeland*

3

*Sec.*, No. 18-CV-1845, 2019 WL 1923110, at *3 n.3 (D. Minn. Apr. 30, 2019). And, as the R&R made clear, the Court "looks only to *Reid*'s analysis for this individualized decision, rather than the withdrawn holding on the general constitutionality of § 1226." ECF No. 14 at 11. Furthermore, the R&R explained that "[m]any courts in this District have followed the *Muse* court's approach to determining when an alien detained under § 1226(c) is entitled to a bond hearing to prevent a possible violation of Petitioner's due process rights." *Id.* (collecting cases). The Court follows the approach taken by these courts. Accordingly, the Court finds that the R&R properly applied the reasonableness factors and determined that Petitioner is entitled to a bond hearing.

For these reasons, in addition to the reasons set forth in the R&R, the Court overrules the Federal Respondents' objections and orders an IJ to conduct a bond hearing within thirty days of this Order. Therefore, based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. The Court ADOPTS the R&R.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is GRANTED IN PART and DENIED IN PART, as follows:

   a. An Immigration Judge must provide Petitioner with a bond hearing within thirty days of this Order. At the bond hearing, the Immigration Judge must make an individualized determination regarding whether Petitioner's continued detention is necessary to protect the community or to prevent Petitioner from fleeing during the pendency of immigration proceedings; and

   b. Petitioner's request for immediate release is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2019

                                                JOAN N. ERICKSEN
                                                United States District Judge